```
 1  DEBRA WONG YANG
    United States Attorney
 2  THOMAS P. O'BRIEN
    Assistant United States Attorney
 3  Chief, Criminal Division
    J. MARK CHILDS (Cal. Bar No. 162684)
 4  MARK AVEIS (Cal. Bar No. 107881)
    Assistant United States Attorneys
 5  Organized Crime & Terrorism Section
    1500 United States Courthouse
 6  312 North Spring Street
    Los Angeles, California 90012
 7  Telephone: (213) 894-4477
    Facsimile: (213) 894-3713
 8  Email: mark.aveis@usdoj.gov
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 02-938(E)-RGK |
|---|---|
| Plaintiff, | ) GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | ) REGARDING CHAIN OF CUSTODY |
| JOHN STINSON and ROBERT LEE GRIFFIN, | ) Trial Date: November 7, 2006 ) Time: 8:30 a.m. |
| Defendants. | ) |

Plaintiff, United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby respectfully submits its memorandum of points and authorities to assist the Court in ruling on the propriety of the chain of custody and admissibility of certain government exhibits described below.

I.    SUMMARY

The evidence will show that government's Exhibits 2a and 3a were seized from the cell of AB member David Sahakian. Exhibit

U.S. v. Stinson, et al., CR 02-983(E)-RGK
Government's Memorandum re Chain of Custody

4154

2a is the Aryan Brotherhood's "manifesto," which describes the structure, hierarchy, purpose, and rules of the AB. Exhibit 3a is a "kite" (surreptitious prison note) which was typical of the kite used to advise federal AB faction members to adopt the "manifesto" because the California AB faction had already done so. Hence, the government believes these writings are relevant to prove that the AB was a racketeering enterprise

II.  DETAIL

The government will introduce evidence that government's Exhibits 2a and 3a are photocopies of documents obtained during the search of the prison cell of Aryan Brotherhood member David Sahakian at USP Marion on October 17, 2002. The search was conducted pursuant to a search warrant issued by a magistrate of the Central District of California in connection with the investigation of the present case.

Because Sahakian was at the time of the search representing himself in a death penalty case pending in district court in Illinois, and because the government believed Sahakian's cell might contain privileged material, the government retained a "Special Master," Julie Fox Blackshaw, to receive all writings from the search that were believed to be privileged. The Special Master was approved and retained by a magistrate of this court. The Special Master, herself a former Assistant U.S. Attorney ("AUSA") for this district was the only individual authorized to review such writings. The Special Master's job was to determine whether a writing was privileged. The Special Master reviewed

the writings seized from Sahakian's cell[1] and, where the writings were deemed privileged, the Special Master filed a confidential report to the court. Those writings were not disclosed to the government, nor was the report.

Where the Special Master determined that writings were not privileged, the Special Master gave notice to Sahakian that, absent objection, the writings would be disclosed to the government. <u>No objections to the exhibits at issue were ever made</u>. Exhibits 2a and 3a were among those documents for which the Special Master gave notice to Sahakian as <u>not</u> privileged and which were intended to be disclosed to the government.

## III. THE CHAIN OF CUSTODY IS SUFFICIENT

The Special Master testified in the related AB trial in Santa Ana as to her role in the chain of custody of government's Exhibits 2a and 3a.[2] RT March 17, 2006; RT July 6, 2006. The Special Master testified as a government witness and as a defense witness. Judge Carter held a lengthy hearing outside of the presence of the jury regarding the chain of custody, foundation, and admissibility of Exhibits 2a and 3a. Over defendants' objections, including those of Kenneth Reed, who represented defendant Gibson in Santa Ana and who now represents defendant

---

[1] The Special Master also reviewed documents seized from the cells of other AB members. Those writings will be the subject of a separate memorandum.

[2] Exhibits 2a and 3a were numbered 258 and 260, respectively, in the Santa Ana <u>Mills</u> trial.

1  Stinson, the Court concluded that the foundation was sufficient
2  and admitted Exhibits 2a and 3a.
3      The government expects the foundation for Exhibits 2a and 3a
4  to be the same in the present case. The government submits that
5  Judge Carter correctly concluded, and this Court should conclude,
6  that any arguable defect in the chain of custody goes to the
7  weight, not the admissibility, of the evidence introduced. See
8  United States v. Matta-Ballesteros, 71 F.3d 754, 769 (9th Cir.
9  1995); United States v. Lampson, 627 F.2d 62 (7th Cir. 1980). A
10 "minor break" in the chain of custody affects weight but not
11 admissibility of the evidence. United States v. Clark, 664 F.2d
12 1174 (11th Cir. 1981).
13     Accordingly, the government believes the testimony of
14 Special Master Blackshaw and others regarding the chain of
15 custody of Exhibits 2a and 3a will sufficiently establish the
16 foundation for admissibility of Exhibits 2a and 3a.

17 Dated: November 7, 2006         Respectfully submitted,

                                 DEBRA WONG YANG
                                 United States Attorney

                                 THOMAS P. O'BRIEN
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 */s/*
                                 _____
                                 J. MARK CHILDS
                                 MARK AVEIS
                                 Assistant United States Attorneys
                                 Attorneys for Plaintiff
                                 United States of America