```
 1 | DEBRA WONG YANG
   | United States Attorney
 2 | THOMAS P. O'BRIEN
   | Assistant United States Attorney
 3 | Chief, Criminal Division
   | J. MARK CHILDS (Cal. Bar No. 162684)
 4 | MARK AVEIS (Cal. Bar No. 107881)
   | Assistant United States Attorneys
 5 | Organized Crime and Terrorism Section
   | 1500 United States Courthouse
 6 | 312 North Spring Street
   | Los Angeles, California 90012
 7 | Telephone: (213) 894-4477
   | Facsimile: (213) 894-3713
 8 | Email: Mark.Aveis@usdoj.gov
   | Attorneys for Plaintiff
 9 | United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 02-938(E)-RGK |
|---|---|---|
| Plaintiff, | ) | <u>GOVERNMENT'S RESPONSES TO:</u> |
| | ) | (1) DEFENDANT GRIFFIN'S |
| v. | ) | OBJECTION TO GOVERNMENT'S |
| | ) | EXHIBITS 80A AND 80B; AND |
| JOHN STINSON and ROBERT LEE GRIFFIN, | ) | (2) DEFENDANT STINSON'S OBJECTION TO GOVERNMENT'S EXHIBIT 22 |
| Defendants. | ) | [No hearing set] |

I.  SUMMARY

Defendants have objected to the admissibility of government exhibits 22 and 80A/80B. The exhibits are copies of transcripts of the testimony of defendant Griffin (Ex. 22) and Stinson (Exs. 80A/80B given in prior trials. <u>The parties have stipulated on the record in the present case as to the foundation and authentication of the transcripts</u>. Accordingly, and pursuant to the defendants' pleadings, the <u>sole</u> objection to the admissibility of the transcripts is based on a purported

violation of defendants' Sixth Amendment rights of confrontation as described in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

Defendants objections should be overruled pursuant to <u>United States v. Allen</u>, 425 F.3d 1231 (9th Cir. 2005). The transcripts represent defendants' statements as co-conspirators/members of the Aryan Brotherhood. The statements were made in furtherance of the charged conspiracy. The statements contained in the transcripts are, therefore, admissible as co-conspirator statements under <u>Allen</u> and Fed. R. Evid. 801(d)(2)(E).

II. ARGUMENT

Government witness Glen West testified during the first week of trial that he was a member of the Aryan Brotherhood and that the AB was governed by a council and a commission. The Court received government's exhibits 2 and 3 which expressly referred to a council and a commission as part of the "structure" of the AB. West testified that, among other rules, Aryan Brotherhood members ascribed to a rule of furthering the AB by committing perjury to support bogus defenses of their brothers on trial including, for example, falsely testifying that a brother on trial for a "hit" (assault or murder) had done so "in self defense." The government will call additional former Aryan Brotherhood members (e.g., Kevin Roach, Clifford Smith, Brian Healy, Anthony Likai, James Magee) who will provide the same testimony. The government will also introduce expert testimony of Dan Smith to the same effect. The government will also introduce testimony from the same individuals that, among other

2

things, when confronted, Aryan Brotherhood members would deny the existence of the Aryan Brotherhood and their roles therein in order to perpetuate the sub-rosa existence of the gang. Thus, there will be substantial evidence that Aryan Brotherhood members would commit perjury in order to assist a brother in defense of his case and would falsely deny the existence of the gang and their roles it in.

The transcripts at issue contain the testimony of defendants Griffin and Stinson in which each committed perjury to protect a brother and/or falsely denied the existence of the Aryan Brotherhood and defendants' roles therein. All such testimony was clearly intended to further the AB criminal enterprise and, as such, would be admissible in its entirety as statements of co-conspirators in furtherance of the conspiracy.

A.  **Exhibit 22**

On May 28, 1987, defendant Griffin testified at his own trial in which he was charged with murder. Defendant Griffin testified on his own behalf to the following questions posed by his defense counsel:

Q: Are you a member of the Aryan Brotherhood?
A: No, I'm not.
\*\*\*
Q: Were you a member of the Aryan Brotherhood in 1980?
A: Sir, I've never been a member of the Aryan Brotherhood.
\*\*\*

1  Q: Isn't it true that there was a time when you became a
2     member of the highest governing body of the Aryan
3     Brotherhood in the prison system?
4  A: No, sir.
5  Government's Exhibit 22-3,5.

The foregoing statements were clear denials as to the existence of the AB as well as to defendant Griffin's role in the AB. The denials are consistent with the evidence received in this case to date as well as with the above-referenced proffers. The statements were clearly in furtherance of the AB conspiracy and admissibility thereof does not violate Crawford.

Moreover, defendants' attempt to distinguish Allen is a nonsensical distinction without a difference. Defendants have argued that the subject statements in Allen were admissible because they were not made in a courtroom whereas, here, they were. A logical, common sense interpretation of Allen is that the location where a statement was made is irrelevant if the facts show the statement was made in furtherance of the conspiracy. The facts show that the AB made a rule to commit perjury; perjury would be committed in courtrooms. Here, the conspiratorial conduct, perjury, was committed in a courtroom because that was the place where the AB at that time needed to further its business. Defendants' attempt to distinguish Allen should be rejected.

B.  Exhibits 80A/80B

4

Defendant Stinson testified as a defense witness in the trial of Curtis Price. Price was tried for the murder of Richard Barnes, the father of AB member Steven Barnes. Steven Barnes had cooperated with law enforcement in violation of AB rules and was marked for death, except the AB could not find him to kill him. Thus, Price was ordered to kill Barnes' father, which he did and for which he was convicted by a jury and sentenced to death. See Government's Exhibit 505, Judgment of Death, July 10, 1986, which has been received but subject to a motion to strike.

During Price's murder trial, Stinson, a defense witness, was read, acknowledged, and waived his Miranda rights after the trial judge advised Stinson that his testimony could implicate him because the evidence would show the AB had ordered the hit on Barnes. Government's Exhibit 80A.

During the trial, Stinson testified on direct questioning of Price's defense counsel as follows, regarding his knowledge of an involvement with the AB:

> Q: Did you, Mr. Stinson, ever participate in any discussions with other white inmates of Palm Hall wherein a decision to create a council or committee was discussed?
>
> A: No.
>
> ***
>
> Q: What, to the best of your knowledge, Mr. Stinson, is the Aryan Brotherhood as it relates to the California Prison System?

A: In my opinion, it's just something - a tag that the administration puts on people that it wishes to segregate or separate from the general population, people that they wish to keep locked up.

\*\*\*

Q: Have you ever claimed membership in the Aryan Brotherhood?

A: No.

\*\*\*

Government's Exhibit 80B.

On cross-examination by the prosecutor, defendant Stinson further stated:

Q: Let me get this straight, Mr. Stinson. Is there an Aryan Brotherhood or isn't there?

A: As far as I'm concerned, no, there isn't. . . . As far as I know, there's no organization which consists of a group of people, some who give orders and I assume some who take those orders. I don't believe there's any organization.

\*\*\*

Q: There's no Aryan Brotherhood that you're aware of, right?

A: This is true.

Government's Exhibit 80B.

During the same trial, defendant Stinson, contrary to the testimony of other witnesses including Clifford Smith who was present when the AB plotted the murder of Richard Barnes, and Janet Meyers who drove killer Price to the crime scene and then delivered a "job done" message from Price to defendant Griffin, falsely denied the murder plot:

> Q: Did you have any discussions with [killer Price] yourself, sir, about what he should do when he got out of prison?
>
> A: Yes.
>
> Q: Please tell us about that.
>
> A: I advised him the best thing to do would be to move to someplace like Ireland. Get married. Raise a family and forget all about the United States Prison and California and everybody in it.

Government's Exhibit 80B.

Regarding the murder of Steven Clark, committed by AB member Clifford Smith on orders of the AB, defendant Stinson also falsely denied he participated in a discussion of the killing (contrary to Government's Exhibit 1 in the present case, which plainly states that "we" did everything that could be done to avoid Clark being killed):

> Q: Prior to Steven Clark being killed on July 3, 1982, did you participate in any discussion to have him killed?
>
> A: No.

    Q:  Did any such discussion to your knowledge take place?
    A:  No.
Government's Exhibit 80B.

    For the same reasons stated above regarding the admissibility of the transcript of the testimony of defendant Griffin, so too should the transcript of the testimony of defendant Stinson be received. Plainly, Stinson, like Griffin, denied under oath the existence of the AB and his role in it. He did so, like Griffin, to further the objectives of the AB to remain underground and uncorroborated. Furthermore, like Griffin, Stinson falsely claimed no discussions with killer Price had occurred regarding Price's mission to kill Richard Barnes.

## III. CONCLUSION

    <u>United States v. Allen</u>, supra, exempts from <u>Crawford</u> statements made in furtherance of a conspiracy. The foregoing statements were made in furtherance of the AB conspiracy without regard to where the statements were made. The statements, contained in the transcripts, should be received.

    Furthermore, the balance of the transcripts should be received as they contain statements which constitute party admissions, i.e., not hearsay, and statements against penal interest. <u>It should be noted that defendants did no object on these grounds</u>.

    Finally, to the extent defendants might argue the statements violate <u>Bruton</u>, the government submits that the entirety of the statements should be received because the very reason for the

testimony, and all of it, was to further the AB conspiracy. If the Court believes <u>Bruton</u> could be implicated, the Court can simply instruct the jury to consider the non-conspiracy portions of the transcripts against the respective defendant, i.e., Griffin's testimony may only be considered against Griffin, and Stinson's testimony may only be considered against Stinson.

Dated: 11/15/06

Respectfully submitted,

DEBRA WONG YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

*/s/*

J. MARK CHILDS
MARK AVEIS
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I, **MARK R. AVEIS**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S RESPONSES TO : (1) DEFENDANT GRIFFIN'S OBJECTION TO GOVERNMENT'S EXHIBITS 80A AND 80B; AND (2) DEFENDANT STINSON'S OBJECTION TO GOVERNMENT'S EXHIBIT 22**

service was:

| | | | |
|---|---|---|---|
| [ ] | Placed in a closed envelope, for collection and interoffice delivery addressed as follows: | [X] | Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
| [ ] | By hand delivery addressed as follows: | [ ] | By facsimile as follows: |
| [ ] | By messenger as follows: | [ ] | By federal express as follows: |

[X]  By e-mail address as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

This Certificate is executed on November 15, 2006, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ MARK R. AVEIS*
**MARK R. AVEIS**

U.S. v. ROBERT LEE GRIFFIN, ET AL.,
CR NO. 02-938-RGK

Joseph F. Walsh, Esq. (ROBERT GRIFFIN)
316 West Second Street, Suite 1200
Los Angeles, CA 90012
Email: Attyjoewalsh@aol.com
t-213-627-1793
f-213-789-4700

Michael M. Crain, Esq. (ROBERT GRIFFIN)
P.O. Box 3730
Santa Monica, CA 90408
Email: Michaelmcrain@aol.com
t-310-571-3324
f-310-626-9983

Knut Johnson, Esq. (DAVID CHANCE)
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Email: knut@knutjohnson.com
t-619-232-7080
c-619-602-0277
f-619-232-7324

John Cotsirilos, Esq. (DAVID CHANCE)
2442 Fourth Avenue
San Diego, CA 92101
Email: Mccabeatty@aol.com
t-619-232-6022
c-619-316-9188
f-619-232-6052

Paul Potter, Esq. (JOHN STINSON)
Potter, Cohen & Samulon
3852 East Colorado Blvd.
Pasadena, CA 91107
Email: pepsquire@earthlink.net
t-626-795-0681

Terrence Bennett, Esq. (JOHN STINSON)
P.O. Box 709                **Regular Mail**
Pasadena, CA 91102-0709
Email: benedictus@earthlink.net
t-626-798-6675

Kenneth Alan Reed (JOHN STINSON)
404 West Fourth St., Suite C
Santa Ana, CA 92701
KAR_crimlaw@bcglobal.net
t-825-953-7400
f-714-953-7414
c-714-423-9947

### Aveis, Mark (USACAC)

| | |
|---|---|
| **From:** | Aveis, Mark (USACAC) |
| **Sent:** | Wednesday, November 15, 2006 4:03 PM |
| **To:** | 'pepsquire@earthlink.net'; Childs, Mark (USACAC); Terry Bennett; Kenneth Reed; cynthia lee; Michael Crain; Joe Walsh; Zachary Hampton |
| **Subject:** | RE: Stinson's Crawford Objection to Exhibit 22 |
| **Attachments:** | G response to ex 22 and 80a objections.wpd |

Government's response to objections to exs 22, 80A, 80B

---

**From:** pepsquire@earthlink.net [mailto:pepsquire@earthlink.net]
**Sent:** Wednesday, November 15, 2006 11:34 AM
**To:** Childs, Mark (USACAC); Aveis, Mark (USACAC); Terry Bennett; Kenneth Reed; cynthia lee; Michael Crain; Joe Walsh; Zachary Hampton
**Subject:** Stinson's Crawford Objection to Exhibit 22

Stinson's Crawford Objection to Exhibit 22


Ill fares the land to hastening ills a prey
Where wealth increases, but where men decay

Paul Potter
Potter, Cohen & Samulon
3852 East Colorado Boulevard
Pasadena, California 91107
Voice: 626 795-0681
Fax: 626 795-0725

pepsquire@earthlink.net

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

11/15/2006